UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BREANDEN BENESCHOTT

    Plaintiff,

v.                                                                           CASE NO.: 2:19-cv-662 _____

TASO DU VAL, an individual, and
TOPTAL LLC, a Delaware Limited Liability
Company

    Defendants.
_____/

## NOTICE OF REMOVAL

COME NOW Defendants, TASO DU VAL ("Du Val") and TOPTAL LLC ("Toptal") (collectively "Defendants"), by and through their undersigned counsel, and file, pursuant to 28 U.S.C. §§1332, 1441, and 1446, this Notice of Removal in the above-entitled action in the office of the Clerk of the United States District Court for the Middle District of Florida, and as grounds therefor, respectfully state:

1. On or about July 5, 2019, Plaintiff commenced an action against Defendants in the Circuit Court, Twentieth Judicial Circuit, in and for Collier County, Florida. The action is styled *Breanden Beneschott v. Taso Du Val, an individual, and Toptal LLC, a Delaware Limited Liability Company*, and is designated Case No.: 11-2019-CA-002689 (the "State Action.")

2. Defendant Taso Du Val, an individual, has not yet been served with the Complaint, but consents to the removal. *See* Declaration of Taso Du Val attached hereto as **Exhibit A**, at ¶6.

3. Defendant Toptal LLC's Registered Agent was served with the Summons and Complaint on August 19, 2019. Thirty (30) days has not expired since service of the Complaint, and as such, this removal is timely. *See* 28 U.S.C. §1446(b) (requiring Notice of Removal to be

filed within 30 days of service of the initial pleading setting forth the claim for relief). Copies of all processes and pleadings served upon Defendant in the State Action are attached hereto as **Exhibit B**.

## I.     JURISDICTION

4.     This Court has original jurisdiction over this Action pursuant to the provisions of 28 U.S.C. §1332. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441, in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. As shown below, both of these requirements have been met.

## II.    DIVERSITY OF CITIZENSHIP

### A.     Plaintiff is a Citizen of Florida.

5.     For an individual, "[c]itizenship is equivalent to 'domicile' . . . [which is] the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted).

6.     Plaintiff is, and was at the time of filing the Complaint and at the time of removal, a citizen of the State of Florida. As alleged in the Complaint, Plaintiff is a resident of Florida. (Complaint, ¶6 and ¶11). As a resident of Florida, Plaintiff is domiciled in, and therefore a citizen of, the State of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile). *See also Smyth*, 2013 WL 2048188 at *2.

### B.     Defendants are not Citizens of Florida.

7.     Diversity of citizenship exists because neither Defendant is a citizen of the state of

Florida within the meaning of 28 U.S.C. §1332(c)(1).

8. Defendant Taso Du Val is a citizen of the State of New York, residing in New York City. (Complaint ¶7 and ¶12; Du Val Declaration ¶5).

9. Defendant Toptal LLC, therefore, also is a citizen of the State of New York. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Thermoset Corporation v. Building Materials Corp of America*, 849 F.3d 1313, 1316 (11th Cir. 2017) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). Here, Defendant Toptal is a single-member LLC, of which Defendant Taso Du Val is the sole member (Complaint ¶7; Du Val Declaration ¶4). Du Val is a resident and citizen of New York. (Complaint ¶12; Du Val Declaration ¶5). Accordingly, Defendant Toptal is a citizen of New York for purposes of diversity jurisdiction.

### III.   AMOUNT IN CONTROVERSY

10. Plaintiff's damages alleged in the Complaint greatly exceed the $75,000 threshold. As part of Plaintiff's six-count Complaint, Plaintiff has alleged he entered into an oral agreement that would provide Plaintiff with a "$40,000 bonus and … 2 million dollars ($2,000,000) as unconditioned [sic] severance in the event of Plaintiff's termination or departure from Toptal for any reason." (Complaint ¶35). Plaintiff's employment was terminated on November 12, 2019. (Complaint ¶32).

11. Additionally, as part of Plaintiff's Prayer for Relief, Plaintiff states, *inter alia*, that he is "entitled to be paid compensation equal to the compensation paid to Du Val, in the recent years to the extent that it exceeded Plaintiff's compensation, receive the $40,000 bonus and $2,000,000 in severance …" (Complaint, PRAYER FOR RELIEF ¶3). In addition, Plaintiff seeks other damages including, without limitation: attorney's fees and costs, and other relief this Court

deems necessary. (Complaint, PRAYER FOR RELIEF ¶¶4, 5).

12. Finally, Plaintiff's request for attorneys' fees and costs must be taken into account when calculating the amount in controversy. Indeed, when a statute, such as Chapter 448, Florida Statutes, "authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808, n.4 (11th Cir. 2003) (attorneys' fees are included in the amount in controversy if they are provided for under statute).

## **THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

13. Written notice of the filing of this Notice of Removal is being provided to Plaintiff herewith, as required by 28 U.S.C. §1446(b).

14. A true and correct copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court, Twentieth Judicial Circuit, in and for Collier County, Florida, as required by law, a copy of which is attached hereto as **Exhibit C**.

WHEREFORE, Defendants, Taso Du Val, an individual, and Toptal LLC, respectfully request that *Breanden Beneschott v. Taso Du Val, an individual, and Toptal LLC*, Case No.: 11-2019-CA-002689, currently pending in the Circuit Court for the Twentieth Judicial Circuit, in and for Collier County, Florida, be removed to the United States District Court, Middle District of Florida, Fort Myers Division.

*[Signature Lines on Following Page]*

DATED this 9th day of September 2019.

>Respectfully submitted,
>
>*/s/ Peter W. Zinober*
>Peter W. Zinober, Esq.
>Florida Bar No.: 121750
>Lara J. Peppard
>Florida Bar No. 520055
>OGLETREE, DEAKINS, NASH, SMOAK
>& STEWART, P.C.
>100 North Tampa Street, Suite 3600
>Tampa, Florida 33602
>Telephone: (813) 289-1247
>Facsimile (813) 289-6530
>Email: peter.zinober@ogletree.com
>Email: lara.peppard@ogletree.com
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2019, I filed the foregoing with the Court using the CM/ECF System, which will send a notice of electronic filing to:

>Anne Marie Estevez, Esq.
>Martha Leibell, Esq.
>Morgan, Lewis & Bockius LLP
>200 South Biscayne Boulevard, Suite 5300
>Miami, FL 33131-2339
>annemarie.estevez@morganlewis.com
>martha.leibell@morganlewis.com
>*Attorneys for Plaintiff*

>*/s/Peter W. Zinober*
>Attorney

39932920.1

5